[Cite as *State v. Sumner*, 2018-Ohio-450.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2017-04-054 |
| | : | O P I N I O N |
| - vs - | | 2/5/2018 |
| | : | |
| STEVEN DALE SUMNER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-09-1331


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Maxwell D. Kinman, 423 Reading Road, Mason, Ohio 45040, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1}  Defendant-appellant, Steven Dale Sumner, appeals from his convictions in the Butler County Court of Common Pleas for robbery and petty theft.  For the reasons set forth below, we affirm his convictions.

{¶ 2}  In October 2016, appellant was indicted on one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree, and one count of petty theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.  The charges arose out of allegations

that on August 17, 2016, appellant stole merchandise valued at $219 from a Walmart in West Chester, Butler County, Ohio. When fleeing from the store after the theft, appellant struck a security officer in the face with his fist, thereby inflicting physical harm.

{¶ 3} Appellant entered a not guilty plea to the charges. A jury trial commenced on November 14, 2016, and appellant was found guilty of both offenses. On January 5, 2017, appellant was sentenced to a three-year prison term.

{¶ 4} Appellant appealed, raising the following as his sole assignment of error:

{¶ 5} THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH OHIO RULE OF CRIMINAL PROCEDURE 11(F).

{¶ 6} In his sole assignment of error, appellant does not raise any arguments or alleged errors relating to his jury trial. Rather, appellant contends his convictions are invalid because the trial court failed to comply with Crim.R. 11(F) when it neglected to place a plea offer on the record prior to the jury trial commencing. Appellant asserts that a plea offer was made to his trial counsel, but his counsel failed to inform him of the offer. He contends that if the trial court had complied with Crim.R. 11(F) by stating the plea offer on the record in open court, he would have learned of the offer and would have accepted it. Specifically, he states that "if he was made aware of the potential plea offer, [he] would have taken the plea to a Felony of the Fourth Degree. As such, this matter should be remanded so that the Appellant can be afforded an opportunity to enter a guilty plea to a lower charge constituting a Felony of the Fourth Degree."

{¶ 7} In support of his argument that, unbeknownst to him, the state had offered a plea agreement, appellant refers to a statement his counsel made to the trial court following the jury's guilty verdict. Defense counsel stated, "Judge, and – yeah, it's difficult to kind of judge what's going to go on, on the other side of the bench, you know? I just know that, you know, based on the potential plea agreement last week, the State was comfortable with what

would have been a max of 18 months, and I don't think the victims – the arresting officers were offended by that number." Appellant also relies on the following statement defense counsel made at his sentencing hearing: "You know, as to the case specifically, Judge, you know, as the Court is aware, a plea was offered the Thursday before the Monday trial. My client did not take that plea."

{¶ 8} Although appellant claims he was not informed of the state's plea offer by his counsel, the record suggests otherwise. At the sentencing hearing, after noting appellant "did not take th[e] plea" offered by the state on the Thursday before the Monday trial, counsel went on to state,

> You know, and quite honestly, at that time, you know, [appellant] did not have all of the discovery in front of him. Certainly, not the photos – the still photos of the venue that we were shown the day of trial.
>
> You know, the first thing out of [appellant's] mouth since the trial was, "had I seen these on Thursday, I would have pled guilty."

{¶ 9} Regardless of whether defense counsel communicated the plea offer to appellant, the trial court did not err in not placing the rejected plea offer on the record. As discussed more fully below, Crim.R. 11(F) only requires the plea agreement to be placed on the record when an agreement is reached and the defendant enters a guilty plea or a no contest plea pursuant to the agreement.

## Crim.R. 11(F)

{¶ 10} Crim.R. 11(F) provides that "[w]hen, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, *the underlying agreement upon which the plea is based* shall be stated on the record in open court." (Emphasis added.)

{¶ 11} Contrary to appellant's arguments, the plain language of Crim.R. 11(F) only

requires that the terms of the plea agreement be stated on the record when there is an actual agreement between the parties and the defendant is accepting the plea and pleading guilty or no contest. As this court has previously recognized,

> [p]ursuant to Crim.R. 11(F), in felony cases, when a defendant offers a negotiated plea of guilty, * * * "the underlying agreement upon which the plea is based shall be stated on the record in open court." In other words, under Crim.R. 11(F), the parties are required to state the plea agreement on the record *at the time the defendant enters his guilty plea.*"

(Emphasis added.) *State v. Steinmetz*, 12th Dist. Butler No. CA2013-10-185, 2014-Ohio-2235, ¶ 12. *See also State v. Darnell*, 4th Dist. Gallia No. 02CA15, 2003-Ohio-2775, ¶ 8 ("Under Crim.R. 11[F], the parties are required to state the plea agreement on the record *at the time the defendant enters his guilty plea or no contest plea*"). The rule does not work as mechanism for the trial court to ensure that counsel has communicated all plea offers to his client. Rather, Crim.R. 11(F) is designed to assure that once the parties have reached an agreement, "there is no underlying agreement except as revealed to the trial court" on the record. *State v. Krisinger*, 3d Dist. Auglaize No. 2-80-17, 1980 Ohio App. LEXIS 10830, * 7 (Aug. 26, 1980).

{¶ 12} As no plea agreement was reached by the parties and appellant did not enter a plea to the charges, the trial court was not required by Crim.R. 11(F) to place the state's plea offer on the record. Appellant's argument that the trial court failed to comply with Crim.R. 11(F) is without merit and his sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.